IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDY B.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-01559-E-BV |
| | § | |
| FRANK BISIGNANO, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE REGARDING IFP STATUS**

Plaintiff filed this Title II action along with a request to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 2. Plaintiff reports having a household income that exceed the poverty level and a monthly surplus of $775. Thus, the undersigned recommends that the district judge deny Plaintiff's application to proceed IFP. Dkt. No. 2.

**1.    Discussion**

Proceeding IFP in a civil case "is a privilege that may be extended or withdrawn." *Birgans v. Louisiana*, 411 F. App'x 717, 718 (5th Cir. 2011) (per curiam); *accord Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998) ("[P]roceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In making an IFP determination, the court should consider whether payment of the filing fee will result in the applicant "suffering undue financial

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The court may consider the total monetary resources available to assist the applicant, including a spouse's income, in making this determination. *See Montiel v. Wyndham Anatole Hotel*, No. 3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (recommending denial of motion to proceed *in forma pauperis* where plaintiff and spouse had a combined monthly income of $3,360.00); *see also Prows*, 842 F.2d at 140 (holding that § 1915(a) provides access to federal courts for plaintiffs "who lack the financial resources" to pay filing costs). A court may also review and consider whether plaintiff's expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140.

According to the financial information Plaintiff submitted in her IFP application, she has an average household income of $2,336 per month, which computes to $28,032 annually for her two-person household. Dkt. No. 2 at 1–2. Plaintiff's household income exceeds the poverty level for a family of two. *See https://www.uscourts.gov/sites/default/files/2025-01/ifp-monthly-poverty-guidelines-2025.pdf.* Further review of her application shows that Plaintiff and her spouse do not provide financial support to any other individuals, and after considering the financial responsibilities listed on her application, her household has a monthly surplusage of $775. *Id.* at 1–5.

Based on this information, the undersigned magistrate judge concludes that payment of the $405 filing fee would not create an undue financial hardship. *See Blair v. Am. Med. Ass'n*, No. 4:21-cv-1163-P-BP, 2021 WL 6428438, at *1 (N.D. Tex. Oct. 26, 2021) (recommending denial of IFP where plaintiff's income exceeded the poverty level for a family of two), *R. & R. adopted by* 2021 WL 6428439 (N.D. Tex. Nov. 10, 2021);

*Woodards v. Traurig*, No. 3:11–CV–2678–L–BH, 2011 WL 6934966, at *1 (N.D. Tex. Nov. 22, 2011) ("Because [p]laintiff has sufficient income and limited monthly expenses, she will not suffer undue financial hardship after payment of the . . . filing fee, and her application to proceed *in forma pauperis* should be denied."), *R. & R. adopted by* 2011 WL 6934965 (N.D. Tex. Dec. 30, 2011).

## 2. Recommendation

Based on the financial information provided, the undersigned recommends that the United States District Judge **DENY** Plaintiff's motion to proceed IFP. Dkt. No. 2. The undersigned further recommends that the district judge order Plaintiff to pay the $405.00 filing fee within **fourteen (14) days** from the date of any order denying her motion to proceed IFP.

## 3. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

3

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 24, 2025.

                                             *Amy Burch*
                                             **AMANDA 'AMY' R. BURCH**
                                             **UNITED STATES MAGISTRATE JUDGE**